HIRSCHBERG, P. J., JENKS, RICH and MILLER, JJ., concurred.

Interlocutory judgment affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MELVIN STEPHENS, Relator, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF NASSAU, Respondent.

*Purchase by the county at a sale for taxes — assignment by the county treasurer of the certificate of sale — right of the assignee to reimbursement by the county where the assessment was erroneous.*

Where, prior to the expiration of the time to redeem from a tax sale property which has been bid in by the county, a person claiming an interest in the property, for the purpose of protecting such interest, pays the amount of the unpaid taxes and receives from the county treasurer an assignment of the certificate of sale, such assignee is entitled, under section 155 of the Tax Law (Laws of 1896, chap. 908), if the assessment under which the sale was made proves to be void, to have refunded to him the money paid by him to the county treasurer.

CERTIORARI issued out of the Supreme Court and attested on the 7th day of March, 1905, directed to the board of supervisors of the

county of Nassau, commanding the said board to certify and return to the office of the clerk of the county of Nassau all and singular its proceedings had in disallowing a certain claim presented by the relator.

*W. Martin Jones,* for the relator.

*Halstead Scudder,* for the respondent.

WOODWARD, J. :

The assessors of the town of Hempstead in the years 1898, 1899 and 1900 assessed certain taxes against the Long Beach Hotel and Cottage Company, and these taxes remaining unpaid the county treasurer of Nassau county advertised the same for sale, and there being no bidders the same were struck off to the county. This sale took place on the 17th day of December, 1902, and the owners had one year in which to redeem such property. The relator, who claimed to have an interest in such property, just before the expiration of the time to redeem demanded of the county treasurer an assignment of the certificate of sale " for the sole purpose of protecting my interest in said property ; " and further stated " please take notice that, on the payment by me this day of the sum of thirteen thousand, four hundred sixty-two and 25-100 dollars ($13,462.25), for an assignment of said certificate of sale, I make said payment under protest on the ground that said sale and assessments were illegal and not authorized by law, and that in the event of the same being hereafter so declared by any court of competent jurisdiction I will look to the county of Nassau for the return of said money, with interest thereon from the date hereof, together with any damages I may suffer by reason thereof." The county treasurer thereupon assigned the certificate of sale to the relator, who paid over the amount above set forth, and subsequently it was determined that the town of Hempstead was the owner of the premises involved, and that the tax was not, therefore, a lien upon the same. The relator thereupon presented a verified claim to the board of supervisors of Nassau county for the return of the money which he had paid for the certificate of sale, and that body took the claim under consideration and voted to reject the same, upon the ground that it

had no legal right to pay the claim. The question of the legal right of the board to refund the money paid by the relator for the certificate of sale is under review here, it not being claimed that there is any lack of a moral obligation to do so.

There is no doubt, it would seem, that the county treasurer had the right to bid in the lands at the sale, if they were properly assessed (See Tax Law [Laws of 1896, chap. 908], §§ 122, 157), and that he had the right to assign such certificate at any time before the expiration of the time for redemption (Id. § 122), and the purchaser of such certificate would stand in exactly the same position as any other purchaser at the tax sale. If we are correct in this, the purchaser of the certificate would be entitled to a conveyance upon the expiration of the period for redemption (Tax Law, § 153, as amd. by Laws of 1898, chap. 339), and be entitled to "possess and enjoy for his own use the real estate described in such conveyance, unless redeemed as herein provided, and after the expiration of the time to redeem the same may cause the occupant of such real estate to be removed therefrom." (Id. § 154.) This being the right of the relator as the purchaser of the certificate, assuming it to have been based upon a valid assessment of the premises, it is difficult to understand why he is not entitled to the provisions of section 155 of the Tax Law, which provides that "whenever any purchaser under such sale shall be unable to regain possession of the real estate purchased by him by reason of error or irregularity in the assessment or levying of a tax, or in proceedings for the collection thereof, the board of supervisors of the county shall refund the purchase-money so paid with interest, upon the same being presented and audited as other county charges, and such moneys shall be charged over to the tax district where the irregularity arose." This would clearly have been the right of the relator if he had appeared at the tax sale and purchased the premises at such sale, and his rights can hardly be less because he purchased the certificate of the county treasurer after the sale, under a mistaken theory that this was necessary to protect some supposed interest in the property. The assessment was void on which the whole transaction was based, and we discover no reason in law, in equity or in justice why the relator should not be given the relief which he demands.

The prayer of the relator should be granted and the board of

supervisors directed to audit and pay his claim as presented, with costs of this proceeding.

HIRSCHBERG, P. J., BARTLETT, RICH and MILLER, JJ., concurred.

Determination of the board of supervisors of Nassau county annulled, and proceeding remitted to said board for audit in accordance with the opinion of WOODWARD, J.